IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MAURICE R. GOINS, EB-7972, )
    Petitioner, )
     )
    v. ) 2-14-cv-1683
     )
J.A. ECKARD, et al., )
    Respondents. )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Maurice R. Goins, an inmate at the State Correctional Institution at Huntingdon has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

    Goins is presently serving a twenty to forty year sentence imposed on November 9, 1999, following his conviction by a jury of criminal homicide at No. CP-02-CR-8059-1998 in the Court of Common Pleas of Allegheny County, Pennsylvania.[1]

    However, this is not Goins' first federal petition challenging his conviction at CP-02-CR-8059-1998. At 04-cv-1300 Goins filed a habeas corpus petition which was dismissed as untimely on June 30, 2005 and a certificate of appealability was denied on October 21, 2005. At 09-cv-1484 he submitted a habeas petition which was dismissed as successive on February 9, 2010. At 12-cv-711 he submitted another petition which was dismissed on August 2, 2011 for failure to prosecute. Finally, at 2:12-cv-1598 he filed a fourth federal habeas corpus petition challenging that same conviction. The latter petition was dismissed on November 20, 2012 as time barred and a certificate of appealability was denied. No appeal was pursued.[2] Goins now returns to this Court again seeking to challenge his state court conviction.

    The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C.§ 2244 to prohibit district courts from entertaining claims

---

[1] See: Petition at ¶¶ 1-6.
[2] Goins also filed a "petition for a writ of habeas corpus ad testificandum" at 2:12-cv-373 which was dismissed as meritless on November 20, 2012.

1

presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because the instant petition was improperly filed in this court as opposed to the Court of Appeals as required by 28 U.S.C. 2244(b)(3)(A), this Court lacks jurisdiction over it without the authorization of the Court of Appeals, and it will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 for consideration as a successive petition.

An appropriate Order shall be entered.

ORDER

AND NOW, this 16th day of December, 2014, for the reasons set forth in the foregoing Memorandum, the instant petition is transferred forthwith to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631 for consideration as a successive petition.

s/ Robert C. Mitchell,
United States Magistrate Judge